UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtors

In Re:

Robert Maxwell Simon
Stacey Helene Simon

Case No.: 10-50052 (KCF)
Chapter: 7

Hearing Date: March 14, 2011 10:00 a.m.

# BRIEF IN SUPPORT OF MOTION TO QUASH RULE 2004 SUBPOENA

## BACKGROUND

Debtor Robert Simon ("Movant") has filed a motion pursuant to Local Bankruptcy Rule 2004-1(d) to quash the December 1, 2010 subpoena issued to him by Kenneth Jannette, Esquire ("Jannette") of Weinstein & Riley, P.S. ("W&R") on behalf of FIA Card Services, N.A. ("FIA") under F.R. Bankr. P. 2004 (the "Subpoena"). Movant submits this brief in support of the motion to quash the Subpoena. A copy of the Subpoena is attached hereto.

Movant filed a chapter 7 bankruptcy case on December 30, 2010. On or about January 28, 2011 Jannette sent the Subpoena to Movant's counsel by way of regular mail. It was received by Movant's counsel on or about January 31, 2011. It was not sent to Movant at all. See Movant's Certification. The Subpoena demands that Movant appear for an examination under Rule 2004 at W&R's offices located at 14 Penn Plaza Suite, 1300 New York, New York on February 28, 2011 and at that same time and location, produce certain documents defined in the Subpoena.

**LEGAL ARGUMENT**

1. **Overview of Examinations and Document Production Under F.R.Bankr.P. 2004**

F.R.Bankr.P. 2004 permits "any party in interest" to examine "any entity" and to demand the production of documents. See, F.R.Bankr.P. 2004(a) and (c). A party in interest seeking to compel an examination or production of documents shall serve a subpoena pursuant to Fed. R. Bankr. P. 2004(c) without filing a motion or obtaining an order authorizing such examination or document production. See Local Bankruptcy Rule 2004-1(b). F.R.Bankr.P. 2004(c) further states "The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial."

In turn, F.R.Bankr.P. 9016 states "Rule 45 F.R.Civ.P. applies in cases under the Code." Thus a subpoena seeking to compel the production of documents or to demand attendance at an examination under Rule 2004 must be issued and served in accordance with F.R.Civ.P. 45. Upon motion of the deponent or any party in interest, the Court may quash or modify a subpoena for cause shown. See Local Bankruptcy Rule 2004-1(d).

2. **The Subpoena is Unenforceable for Lack of Effective Service**

F.R.Civ.P. 45(b)(1) requires that, for a subpoena to be effective process, it must be served on the party whose appearance is commanded by "delivering a copy to the named person..." It is insufficient for compliance with the service requirement of F.R.Civ.P. 45(b)(1) to send a subpoena to counsel. As set forth in the commentary to the most recent revisions to Rule 45, service of a subpoena is made "by delivering a copy" to the person named. That was the requirement before the 1991 amendment and it remains the requirement under subdivision (b)(1) of the amended Rule 45. Personal delivery is the only method specified, and this differs substantially from service of the summons under Rule 4, for which a variety of methods are made available. The recently adopted mail method for summons service, for example, which does not even entail use of a process server, Rule 4(c)(2)(C)(ii), is not available for subpoena service... Service of the subpoena on a witness's attorney is not permissible, even if the

attorney-client relationship is known, and this is so of individual as well as corporate subpoenas. Hence the effort must be made to serve the party. In this case, the Subpoena was never served on Movant. It was sent only to his attorney by way of regular mail. The lack of service or delivery of the Subpoena on Movant renders the Subpoena a nullity incapable of enforcement. See, Harrison v. Prather, 404 F.2d 267. (5th Cir. 1968) in which the court concluded that service of subpoena on plaintiff's counsel, as opposed to plaintiff himself, was a nullity.

    3.    **The Subpoena Is Defective For Failure to Comply with F.R.Civ.P. 45(a)(1)(A)(iv)**.

F.R.Civ.P. 45(a)(1)(A)(iv) requires that every subpoena *must* set out the text of Rule 45(c) and (d), which state:

> **(c) Protecting a Person Subject to a Subpoena.**
>
> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
>
> **(2)** *Command to Produce Materials or Permit Inspection.*
>
> **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
>
> **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> **(I)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
>
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
>
> **(3)** *Quashing or Modifying a Subpoena.*
>
> **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
>
> **(I)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(I)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(I)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must

show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

As set forth in the commentary to the most recent revisions to Rule 45, these subdivisions are concerned with advising subpoenaed persons of both their obligations and their rights. In order to assure that the subpoenaed person has all of this information at hand, it is explicitly required that the text of both subdivisions be set forth verbatim in the subpoena. A subpoena which fails to contain these provisions in the body of the subpoena itself is facially defective, unenforceable and must be quashed. See Vitale v Repetti, 2007 WL 1752040 (D.N.J. June 18, 2007) in which the District Court quashed a subpoena which failed to contain the text of subdivisions 45(c) and 45(d) as defective and unenforceable. A similar result is required with the Subpoena. It fails to comply with Rule 45(a)(1)(A)(iv)'s requirement to set out the text of Rule 45(c) and (d). It is defective, unenforceable and must be quashed.

**4**. **The Subpoena Is Defective For Failure to Comply with F.R.Civ.P. 45(a)(1)(B)**

F.R.Civ.P . 45(a)(1)(B) requires that every subpoena commanding attendance at a deposition *must* state the method for recording the testimony. The Subpoena commands Movant to appear for a deposition but fails to state the method for recording the testimony. For this reason as well the Subpoena is defective, unenforceable and must be quashed.

**5**. **The Subpoena Was Not Issued From the District Court in which the Deposition is Scheduled to Take Place nor in which the Production of Documents is to be made**.

F.R.Civ.P. 45(a)(2)(B) requires that a subpoena commanding attendance at a deposition must be issued "from the court for the district where the deposition is to be taken". F.R.Civ.P. 45(a)(2)(C) requires that a subpoena demanding the production of documents must be issued "from the court for the district where the production... is to be made." As set forth in the commentary to the most recent revisions to Rule 45, under the amended Rule 45, a subpoena may now be issued and signed by the attorney without any application at all to the court or clerk, although the clerk of course retains issuance

powers and will exercise them when a party seeks a subpoena itself rather than through an attorney. The attorney must issue it "from" the right district court, however. That will most often be the court of the district in which the action is pending. But when the subpoena seeks testimony or materials from a witness beyond the territorial reach of the action-pending district it must issue "from" the district court of the district in which the deposition or production is sought.

Subpoenas issued by courts in districts other than the district in which the deposition or document production is to take place are improperly issued, are defective and must be quashed. See e.g. Hallamore Corp. v. Capco Steel Corp., 259 F.R.D. 76 (D. Del. 2009) in which the court held that a subpoena issued out of the District of Delaware in an action pending in the federal court in Rhode Island which commanded attendance at a deposition in Pennsylvania was defective and unenforceable because a subpoena for attendance at a deposition is required to issue from the district where the deposition is to be taken. See also, Snoznik v. Jeld-Wen, Inc., 259 F.R.D. 217 (W.D.N.C. 2009) in which the court refused to enforce a subpoena that had been issued through the District Court for the Western District of North Carolina (the district in which the action was pending) but the deposition was to be taken at a law office located within the District for South Carolina.

In this case, the Subpoena is issued from the United States Bankruptcy Court for the District of New Jersey. However, it compels Movant to appear for a deposition and to produce documents at W&R's offices located at 14 Penn Plaza Suite, 1300 New York, NY, which is in the Southern District of New York. The Subpoena is improperly issued, is defective and unenforceable. As such, it must be quashed.

## **CONCLUSION**

For all of the foregoing reasons, Movant respectfully submits that the Subpoena is so defective in form, issuance and service as to be unenforceable and respectfully requests that the Subpoena be quashed.

Dated this the 18th day of February, 2011.

/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Debtors